UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOSE POND AG, INC., | No. 2:19-cv-2631 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| DUARTE NURSERY, INC., a California corporation; JAMES DUARTE, an individual; JOHN DUARTE, an individual, | |
| Defendants. | |

On June 11, 2020, defendants filed a motion to compel responses to discovery served on Farmland Management Services, ("Farmland"). (ECF No. 41.) The motion is noticed for hearing before the undersigned on July 10, 2020, pursuant to Local Rule 302(c)(1). On July 2, 2020, the parties filed a Joint Statement re Discovery Disagreement. (ECF No. 51.) Pursuant to the undersigned's Standard Information joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[1]  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. Here, the parties' joint statement is thirty-seven pages. (ECF No. 51.)

////

---

[1] The parties are advised that title pages, tables of contents, tables of citations, signature pages, etc., all count toward the twenty-five-page limit.

1

1    The parties did, however, file an application for leave to file a joint statement in excess of
2  the undersigned's twenty-five-page limit on July 2, 2020.  (ECF No. 50.)  That filing consist of
3  three brief paragraphs and simply asserts that "the number of contentions and arguments that
4  remain between the parties," justifies exceeding the twenty-five-page limit.  (ECF No. 50 at 2.)
5  The goal of the page limitation is to force the parties to narrow their disputes, focus their
6  arguments, and to prevent the parties from overburdening the court with numerous and
7  voluminous discovery disputes.  In the undersigned's experience, twenty-five pages is almost
8  always sufficient to fully brief a discovery dispute that remains after proper meet and confer
9  efforts.
10    Here, the parties' vague, conclusory, and sparse request for leave to exceed the twenty-
11  five-page limit fails to demonstrate that leave is necessary.  Moreover, the parties' joint statement
12  states that "Farmland anticipates producing some documents" prior to the July 10, 2020 hearing.
13  (ECF No. 51 at 5.)  Such a late production does not provide the parties enough time to determine
14  the adequacy of the production.  And it leaves the court in the dark as to the true nature of the
15  parties' dispute prior to the hearing.
16    Accordingly, the hearing of the motion to compel will be continued.  If after further
17  production and further meet and confer, the parties are unable to narrow their dispute so that they
18  can file a joint statement that is less than twenty-five pages, the parties may notice separate
19  discovery motions for hearing on separate law and motion calendars, and file separate joint
20  statements.
21    Accordingly, IT IS HEREBY ORDERED that:
22    1. The July 2, 2020 application for leave to file a joint statement in excess of twenty-five
23  pages (ECF No. 50) is denied;
24    2. The July 10, 2020 hearing of defendants' motion to compel (ECF No. 41) is continued
25  to **Friday, August 7, 2020, at 10:00 a.m**.; and
26  ////
27  ////
28  ////

2

3.  On or before **July 31, 2020**, the parties shall a Joint Statement re Discovery Disagreement that complies with the Local Rules and the undersigned's Standard Information.

Dated:  July 6, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 6
DB/orders/orders.civil/pond2631.cont.hrg.ord