UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOSE POND AG, INC., | No. 2:19-cv-2631 KJM DB |
| Plaintiff, | |
| v. | ORDER |
| DUARTE NURSERY, INC., a California corporation; JAMES DUARTE, an individual; JOHN DUARTE, an individual, | |
| Defendants. | |

This action came before the undersigned on August 7, 2020, for hearing of defendants' motion to compel responses to discovery served on non-party Farmland Management Services, ("Farmland").[1] (ECF No. 41.) Attorneys Janlynn Fleener and Robert Soran appeared via Zoom on behalf of plaintiff and non-party Farmland.[2] Attorneys Peter Prows and Gerald Brunn

---

[1] Defendants' motion to compel was originally noticed for hearing before the previously assigned magistrate judge. (ECF No. 31.) On June 11, 2020, this action was reassigned to the undersigned. (ECF No. 40.) That same day defendants re-noticed their motion for hearing before the undersigned. (ECF No. 41.)

[2] "Although Rule 26(b) applies to discovery of non-parties as well as parties in a suit, non-party status is considered by the court in weighing the burdens imposed in providing the requested discovery." Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc., 216 F.R.D. 533, 535 (M.D. Fla. 2003).

1

appeared via Zoom on behalf of defendants.  Oral argument was heard and defendants' motion taken under submission.

It is evident to the undersigned from the parties' Joint Statement and argument at the August 7, 2020 hearing that the parties' dispute could have been narrowed, and the briefing and argument improved, through better meet and confer efforts.  Too often a party raised a proposed solution, clarification, modification, argument, etc., at the August 7, 2020 hearing that was either not discussed during meet and confer and/or not reflected in the Joint Statement.  Regardless, turning to the motion.

### A. RFP No. 2: All expert reports exchanged by any party or person, in <u>United States v. LaPant et al.</u>, (ED Cal. No. 2:16-cv-01498 KJM DB)

Although defendants narrowed the scope of their request to seek only expert reports exchanged relating to the condition of the property at issue, Farmland notes that Farmland and plaintiff "de-designated and withdrew their testifying experts, resulting in those experts becoming non-testifying or consultant experts." (JS (ECF No. 56 at 11-12.)  Once an expert has been designated as non-testifying, it is challenging even for a party in the action to compel their expert report.  See <u>Ross v. Burlington Northern R. Co.</u>, 136 F.R.D. 638, 639 (N.D. Ill. 1991) ("Since the witness is a non-testifying expert, facts or opinions held by him may only be discovered if defendant shows exceptional circumstances.").  Here, defendants' argument consists of two sentences, devoid of legal authority.  (JS (ECF No. 56) at 11.)

Nonetheless, Farmland has offered to produce the expert reports on the condition of the property of the testifying experts produced by the other parties in the <u>LaPant</u> action.  Accordingly, defendants' motion to compel is granted as to this request but subject only to Farmland's proposed modification.  Thus, Farmland shall produce the expert reports on the condition of the property of the testifying experts produced by the other parties in the <u>LaPant</u> action.

////

////

////

      **B.**     **RFP No. 3**: **All non-attorney-client documents, including communications, relating to the Tehama County property at issue in <u>LaPant</u>**

The undersigned finds Farmland's argument that the "request for *ALL* documents relating to the property is overbroad" well taken. "When a request is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of the request." <u>Johnson v. Kraft Foods N. Am., Inc.</u>, 236 F.R.D. 535, 542 (D. Kan. 2006). "[A] discovery request should be sufficiently definite and limited in scope[.]" <u>Regan-Touhy v. Walgreen Co.</u>, 526 F.3d 641, 649 (10th Cir. 2008). In this regard, "a request or interrogatory is overly broad or unduly burdensome on its face if it (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information." <u>Moses v. Halstead</u>, 236 F.R.D. 667, 672 (D. Kan. 2006).

At the August 7, 2020 hearing, counsel for defendants narrowed the request to "emails only." However, counsel for Farmland argued that even this narrower search would take "several weeks" to conduct. This is a prime example of an issue the parties should have narrowed through meet and confer prior to presenting their arguments in the Joint Statement. Nonetheless, "Farmland has agreed to produce documents through December 1, 2012, in order to reasonably respond to Duarte's argument that it was entitled to documents relating to any work done at the property post-close." (JS (ECF No. 56) at 13.)

Accordingly, defendants' motion to compel will be granted, but as modified by Farmland's proposed production.

      **C.**     **RFP No. 5: All non-attorney-client communications with Goose Pond Ag, Inc., from 2011-2014**

Defendants "agreed to limit this request to communications with Goose Pond about California Properties." (JS (ECF No. 56) at 14.) Even with this proposed narrowing, the undersigned finds this request over broad for the reasons articulated by Farmland in the Joint Statement. (<u>Id.</u> at 14-15.) Nonetheless, "Farmland has agreed to produce responsive, non-privileged documents relating to the property at issue through November 1, 2012, the date the property was transferred from Duarte to Goose Pond." (<u>Id.</u> at 15.)

3

Accordingly, defendants' motion to compel is granted as to this request but only with respect to the category of documents Farmland has agreed to produce.

### D. RFP No. 6: All non-attorney-client communications with Hancock Agricultural Investment Group, or any of its divisions, from 2011-14

Defendants have agreed to limit this request to email communications with Hancock relating to properties in California from 2011-14. (JS (ECF No. 56) at 15.) However, even with this proposed narrowing, the undersigned finds defendants' request over broad. Defendants cite to Hackleman v. Lyman, 50 Cal.App. 323 (1920), and Sacramento Suburban Fruit Lands Co. v. Klaffenbach, 40 F.2d 899 (9th Cir. 1930), in support of the argument that the "expertise of Farmland and Goose Pond is relevant to whether Duarte is responsible for any failure of Farmland or Goose Pond to learn the material facts[.]" (JS (ECF No. 56) at 16.) Even relevant discovery, however, cannot be obtained through vague and over broad requests. And as noted by Farmland, even with defendants' proposed narrowing, defendants' "request is not limited to documents about Farmland's expertise." (Id. at 17.)

Nonetheless, "Farmland has agreed to produce responsive, non-privileged documents relating to the property at issue through November 1, 2012, the date the property transferred from Duarte to Goose Pond." (Id. at 18.) Accordingly, defendants' motion to compel is granted as to this request but as modified by Farmland's proposed production.

### E. RFP No. 7: All documents relating to the qualifications of Farmland

In the Joint Statement defendants agreed to limit this request to 2010 to present. (JS (ECF No. 56) at 19.) At the August 7, 2020 hearing, defendants agreed to further limit this request to only email traffic. Farmland argues that "documents after 2012" have no bearing on what Goose Pond understood about Farmland's expertise prior to its purchase of the property in 2012. (Id.) The undersigned agrees.

Defendants' motion to compel with respect to this request will be granted, but subject to the following modification: Farmland shall produce all emails from 2010 through 2012 relating to advertisements or solicitations that related to Farmland's qualifications to research, acquire, or manage agricultural property in California.

4

**F.      RFP No. 10: All non-attorney-client documents relating to the consent decree in <u>LaPant</u>**

As noted by defendants, the complaint in this action explicitly puts the consent decree in <u>LaPant</u> at issue here.  For example, the complaint alleges that "under the Consent Decree Plaintiff entered into with the United States, more than 40% of the acres in the North Parcels (a total of 616 acres) must be maintained as a Conservation Preserve and cannot be farmed."  (Am. Compl. (ECF No. 16) at 20.)  And that in "order to mitigate their damages, GPA and FMS stipulated to the Consent Decree in <u>US v. LaPant</u> which has become an order of the Court."  (<u>Id.</u> at 21.)

Farmland's argues, in part, that such discovery would raise issues concerning "the settlement privilege and/or the protective order entered in the case."  (JS (ECF No. 56) at 21.)  As addressed at the August 7, 2020 hearing, however, such concerns should be raised after the production of a privilege log and, if necessary, further meet and confer and motion practice.

Accordingly, defendants' motion to compel is granted with respect to this request.

**G.      RFP No. 13: All communications with federal environmental regulatory agencies related to properties other than the property at issue in <u>LaPant</u> from 2009-13**

The undersigned finds Farmland's argument that this request "is grossly overbroad," well taken and persuasive.  (JS (ECF No. 56) at 23-24.)  Accordingly, defendants' motion to compel is denied as to this request.

**H.      RFP No. 14: All documents relating to proposals relating to agricultural investments in California from 2009-13**

At the August 7, 2020 hearing, counsel for defendants withdrew this request.

**CONCLUSION**

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Defendants' May 27, 2020 motion to compel (ECF No. 31), re-noticed on June 11, 2020 (ECF No. 41), is granted in part and denied in part as articulated above; and

5

2. Farmland shall produce responsive documents within twenty-eight days of the date of this order.

Dated:  August 11, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 6
DB/orders/orders.civil/pond2631.oah.080720