DOWNEY BRAND LLP
ROBERT P. SORAN (Bar No. 169577)
JANLYNN R. FLEENER (Bar No. 169385)
ASHLEY M. BOULTON (Bar No. 285305)
rsoran@downeybrand.com
jfleener@downeybrand.com
aboulton@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:  916.444.1000
Facsimile:   916.444.2100

Attorneys for Plaintiff
Goose Pond Ag, Inc.

LAW OFFICES OF BRUNN & FLYNN
GERALD E. BRUNN (Bar No. 107004)
928 12TH Street, Suite 200
Modesto, CA 95354
Telephone:   209.521.2133
Facsimile:    209.521.7584
gbrunn@brunn-flynn.com

BRISCOE IVESTER & BAZEL LLP
DAVID M. IVESTER (Bar No. 76863)
LAWRENCE S. BAZEL (Bar No. 114641)
PETER PROWS (Bar No. 257819)
KELSEY L. CAMPBELL (Bar No. 324015)
235 Montgomery Street, Suite 935
San Francisco, CA 94104
Telephone:   415.402.2700
Facsimile:    415.398.5630
divester@briscoelaw.net
lbazel@briscoelaw.net
pprows@briscoelaw.net
kcampbell@briscoelaw.net

Attorneys for Defendants
Duarte Nursery, Inc., James Duarte, and John Duarte

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| Goose Pond Ag, Inc., <br><br>         Plaintiff, <br><br>         v. <br><br> Duarte Nursery, Inc., a California corporation; James Duarte, an individual; John Duarte, an individual; and DOES 1 through 25, inclusive, <br><br>         Defendants. | No. 2:19-CV-02631-KJM-DB <br><br> **STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND DISCOVERY PROCEDURES; AND ORDER** |

STIPULATION RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND DISCOVERY PROCEDURES AND ORDER

1  WHEREAS, the Parties have met and conferred and filed an Updated Joint Status Report
2  and Discovery Plan (ECF No. 55);

3  WHEREAS, the Parties appeared before the Court at the August 14, 2020 status
4  conference and received procedural direction (ECF No. 61);

5  WHEREAS, as set forth in the Updated Joint Status Report and Discovery Plan, the Parties
6  mutually seek to address and streamline certain elements of discovery procedure and electronically
7  stored information as described further below, and to better define the scope of their obligations
8  with respect to such information and materials; and

9  WHEREAS, consistent with the Updated Joint Status Report and Discovery Plan and the
10 Court's direction, the Parties enter into this Stipulation with the request that the Court enter it as
11 an Order,

12 NOW THEREFORE, it is hereby STIPULATED and ORDERED as follows:

13 **A.    DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

14      1.   Preservation Not Required for ESI That Is Not Reasonably Accessible.

15          a.   Except as provided in subparagraph b below, the Parties need not
16 preserve the following categories of electronically stored information for this litigation:

17              i.   Data stored in a backup system for the purpose of system recovery
18 or information restoration, including but not limited to, disaster recovery backup tapes, continuity
19 of operations systems, and data or system mirrors or shadows, if such data are routinely deleted or
20 written over in accordance with an established routine system maintenance practice;

21              ii.  Instant messages, such as messages sent on AOL Instant
22 Messenger or Microsoft Communicator;

23              iii. Electronic mail sent to or from a personal digital assistant
24 ("PDA"), smartphone (e.g., BlackBerry, iPhone), or tablet (e.g. iPad) provided that a copy of such
25 email is routinely saved elsewhere;

26              iv.  Other electronic data stored on a PDA, smartphone, or tablet such
27 as calendar or contact data or notes, provided that a copy of such information is routinely saved
28 elsewhere;

DOWNEY BRAND LLP

      v. Logs of calls made from cellular phones;

      vi. Deleted computer files, whether fragmented or whole;

      vii. Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

      viii. Data stored on photocopiers, scanners, and fax machines;

      ix. Server, system, or network logs;

      x. Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form; and

    b. Notwithstanding subparagraph a. above, if on the date of this Stipulation and Order any Party has a policy that results in the routine preservation of any of the categories of information identified in subparagraph a, such Party shall continue to preserve such information in accordance with its policy.

    c. Nothing in this Stipulation and Order prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible within the meaning of Rule 26(b)(2)(B).

  2. <u>No Discovery.</u>

Except as provided below in paragraph A.3 and Part B below, the Parties shall not seek discovery of items that need not be preserved pursuant to paragraphs A.1. above.

  3. <u>No Offering into Evidence without Disclosure.</u>

The Parties shall not offer into evidence for any purpose in this litigation any item that need not be preserved pursuant to paragraphs A.1. above, unless the Party has disclosed the item pursuant to Rule 26 with adequate time to allow other Parties to conduct discovery on the item.

**B.** **<u>DISCOVERY PROCEDURE.</u>**

The following procedures apply to producing documents or ESI and controls over any prior instructions provided in requests for the production of documents served prior to the date of

1 this Stipulation and Order.  Compliance with these procedures shall constitute compliance with
2 Federal Rule of Civil Procedure 34(b)(2)(e).

3     1. The Parties shall serve all discovery requests and responses on all counsel of record
4 at their email addresses as registered with ECF.  Further, the Parties propose that all discovery
5 requests be accompanied by a Word version.

6     2. Documents printed on paper that is 11 x 17 inches or smaller shall be scanned and
7 the files produced via Dropbox or similar electronic method, unless the files to be produced
8 exceed the size limitations for the agreed method.  In such case, the documents will be produced
9 on CD ROM, DVD ROM, or external hard drive.  Documents printed on larger paper may, at the
10 Producing Party's discretion, be produced on paper.  Documents produced on paper must be
11 produced as they are kept in the ordinary course of business or must be organized and labeled to
12 correspond to the categories in the request; alternatively, Documents produced on paper must be
13 organized by custodian and maintained in the order in which they appear in the files of the
14 custodian.

15     3. Paper documents that are produced on disc shall be scanned as 300 dpi PDF files, in
16 color if the original is in color.

17     4. Word, WordPerfect, and other word processing files will be converted to searchable
18 PDF files.  If the document contains comments or tracked changes that are not part of the ordinary
19 text, the producing Party shall either generate a searchable PDF based on how the document
20 appears when first opened using view settings contained in the file or the producing Party shall
21 produce the native file.  If a PDF is produced, the receiving Party shall have the option, after
22 reviewing the produced PDF, to request the native file.

23     5. Microsoft PowerPoint files will be produced in searchable PDFs.  The receiving
24 Party may, after reviewing the produced PDFs, request the native files.

25     6. E-mail and attachments should be converted to searchable PDFs. E-mail attachments
26 shall be processed as though they were separate documents, and a cross reference file shall include
27 a field in which the producing Party shall identify, for each e-mail, the Bates range of any
28 attachment.

7. If the production includes Microsoft Excel files and other spreadsheets, the producing Party shall either generate searchable PDFs or the native files. If a PDF is produced, the receiving Party may, after reviewing the spreadsheets, request the native files.

8. Digital photographs will be produced as full color image files at their original resolution or as PDFs. The receiving Party may, after reviewing the photographs, request the native files along with any associated locational information (such as Global Positioning System ("GPS") data).

9. Before any Party produces any other kinds of electronic data, including data from databases, CAD drawings, GIS data, videos, etc., the Parties will meet and confer to determine a reasonably useable form for the production.

10. Except as stated above, a Party need not produce the same ESI in more than one form.

11. "Duplicate," when used to describe either an electronic or hard copy document, means that the document does not show at least one facial change, such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes.

    a. <u>Deduplication of e-mail.</u>

The Parties may use a widely accepted method of deduplication, including comparing the to, from, date, and time fields of e-mails and may produce only one copy from each set of duplicates.

    b. <u>Deduplication of ESI other than e-mail.</u>

With respect to ESI other than e-mail, the Parties may use a widely accepted method of deduplication, such as using MD5 or SHA-1 hash values calculated before the files are collected for discovery and need only produce one copy.

**C. STIPULATION TREATED AS BINDING.**

The Parties agree to continue to treat the foregoing stipulation as controlling pending the Court's consideration of it.

RESPECTFULLY SUBMITTED,

DATED:  August 26, 2020          DOWNEY BRAND LLP


                                 By:    /s/ Robert P. Soran
                                        ROBERT P. SORAN
                                        JANLYNN R. FLEENER
                                        Attorneys for Plaintiff
                                        Goose Pond Ag, Inc.

DATED:  August 26, 2020
                                 LAW OFFICES OF BRUNN & FLYNN


                                 By:    */s/* Gerald E. Brunn
                                        GERALD E. BRUNN
                                        Attorneys for Duarte Nursery, Inc., James Duarte,
                                        and John Duarte

DATED:  August 26, 2020
                                 BRISCOE IVESTER & BAZEL LLP


                                 By:    */s/* Kelsey L. Campbell
                                        DAVID M. IVESTER
                                        PETER PROWS
                                        KELSEY L. CAMPBELL
                                        Attorneys for Duarte Nursery, Inc., James Duarte,
                                        and John Duarte

ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: August 26, 2020        /s/ DEBORAH BARNES
                              UNITED STATES MAGISTRATE JUDGE