1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GOOSE POND AG, INC.,                        No.  2:19-cv-02631-KJM-DB

12                  Plaintiff,

13          v.                                     ORDER

14    DUARTE NURSERY, INC. et al.,

15                  Defendants.

16

17          Defendants Duarte Nursery, Inc., James Duarte and John Duarte (collectively, the

18    "Duarte parties" or "Duarte") move to dismiss plaintiff Goose Pond Ag, Inc.'s ("Goose Pond")

19    complaint for failure to join an indispensable party.  Mot., ECF No. 18.  Plaintiff opposes the

20    motion.  Opp'n, ECF No. 20.  Defendants replied.  Reply, ECF No. 27.  The court submitted the

21    motion without oral argument.  Having carefully reviewed the moving papers and the applicable

22    law, the court DENIES the motion.

23          I.      BACKGROUND

24          This case arises from Goose Pond's purchase of approximately 1,505 acres of real

25    property in Tehama County, California (the "Tehama property") from the Duarte parties.  First

26    Am. Compl. ("FAC") ¶ 1, ECF No. 16.  John Duarte contacted Goose Pond's agent, Farmland

27    Management Services ("Farmland"), to ask if Farmland or any of its clients were interested in

28    buying the property.  *Id.* ¶ 2.  Goose Pond was interested in purchasing the property and its agents

informed the defendants it intended to develop the property into a walnut orchard. *Id.* ¶ 3.  Upon this purchase and development, Farmland would act as Goose Pond's lessee in running the walnut orchard. *Id.* ¶ 58.  Goose Pond alleges the defendants knew the property could not be developed for use as an orchard because there were sensitive vernal pools and wetlands on the property and that the property was located in an area denoted as habitat for protected species under the Endangered Species Act. *Id.* ¶ 3.  Defendants allegedly disclosed to Goose Pond only that there were approximately 40 acres of wetlands or other lands jurisdictional to the waters of the United States on the property, leaving the remainder suitable for development. *Id.*  However, Goose Pond alleges defendants knew or should have known significantly more of the property had jurisdictional wetlands and endangered species habitat, yet concealed and failed to disclose the true facts to them prior to the sale's closing. *Id.* ¶¶ 3–4.

Following Goose Pond's purchase of the property, the United States Government brought a civil enforcement action against Goose Pond and Farmland for Clean Water Act violations. *Id.* ¶ 5; *see also United States of America v. Roger J. LaPant Jr. et al.* (hereinafter "*LaPant*"), No. 2:16-cv-01498-KJM-DB.[1]  The *LaPant* action alleged Goose Pond and Farmland operated earthmoving equipment and heavy machinery so as to discharge pollutants into the waters of the United States without a permit. *LaPant* Compl. ¶¶ 112–123, *LaPant* ECF No. 1. The government also named as defendants the owner of the property prior to the Duarte parties' ownership, Roger J. LaPant, Jr., and his company J & J Farms. *See generally id.*  In exchange for dismissal from the *LaPant* case, Goose Pond and Farmland entered into a consent decree, which makes them jointly and severally liable for a total of $5.3 million in civil penalties and remediation costs. Order Approving Consent Decree at 2, *LaPant* ECF No. 105.  The consent decree also enjoins them, their successors and their assigns from using approximately 616 acres of the property, which they must set aside as a conservation reserve. *Id.*

Goose Pond's first cause of action in this case alleges the Duarte defendants breached the express terms of the purchase contract and the common law duty to disclose when

---

[1] The court takes judicial notice of the docket in the related case of *LaPant* for purposes of this motion.

they failed to provide various environmental assessments material to the sale. FAC ¶ 70. As a result of defendants' failure to disclose, Goose Pond faced damages from the inability to develop the property as a walnut orchard for investment purposes, resulting in lost profits and other expenditures. FAC ¶ 73. The complaint also alleges, as a proximate result of the breach, Goose Pond and Farmland unknowingly continued with farming and development activities, which became the basis of the *LaPant* case. FAC ¶ 74. Plaintiffs characterize Goose Pond and Farmland's entry into the *LaPant* consent decree as an effort to mitigate their damages. *Id.* Goose Pond alleges the same facts underpinning its second cause of action, breach of the implied covenant of good faith and fair dealing, FAC ¶¶ 82–85, and the third claim for fraudulent inducement, FAC ¶¶ 97-98, causing substantially the same damage. Goose Pond also brings a fourth claim for unjust enrichment, which does not specify the precise nature of the damages. FAC ¶¶ 100–102.

Farmland is not a party to the action. Because it is a California corporation, Farmland's joinder would destroy diversity. Goose Pond and Farmland Answer ¶ 12, *LaPant* ECF No. 19 ("Defendants admit that Farmland Management Services is a corporation registered in the State of California[.]"). Defendants assert that because the operative complaint alleges Farmland has been damaged along with Goose Pond by the same predicate acts, Farmland is a necessary party to the action; because their joinder as a plaintiff would destroy diversity, they are an indispensable party. They argue the court must therefore dismiss the action for failure to join a necessary party under Federal Rule of Civil Procedure 12(b)(7).

II.     LEGAL STANDARD

Defendants may move to dismiss a complaint for plaintiff's failure to join a party required under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7). Under Rule 19, an absent party must be joined if:

(A) in that person's absence, the court cannot afford complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

3

i.  as a practical matter impair or impede the person's ability to protect the interest; or

ii.  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  The court must perform a three-step analysis to determine if a party is required to be joined under Rule 19.  *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).  The three steps of the inquiry are: (1) is the absent party required to be joined if feasible under Rule 19(a) (i.e., a necessary party); (2) if so, is it feasible to order that the absent party be joined; and (3) if joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?  *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 139 F. Supp. 3d 1141, 1149–50 (E.D. Cal. 2015) (citing *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012)).

Even when a party has an interest in the litigation, that party may not be necessary under Rule 19(a) if it is "adequately represented" by a present party.  *Salt River*, 672 F.3d at 1179.  However, the absent party must be properly before the court by being subject to adequate service and subject matter jurisdiction.  *Id.*  If joinder would destroy subject matter jurisdiction because the parties would no longer have complete diversity of citizenship, the exercise of jurisdiction is not feasible.  *Peabody W. Coal Co.*, 400 F.3d at 779.

If joinder is not feasible, the court must consider whether the action may proceed among the existing parties in equity and good conscience.  Fed. R. Civ. P. 19(b).  Courts often term a necessary party without whom the action could not equitably proceed "indispensable."  Fed. R. Civ. P. 19 advisory committee's note; *see also Peabody W. Coal Co.*, 400 F.3d at 780.  Indispensable parties are those "who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."  *Peabody W. Coal Co.*, 400 F.3d at 780 (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).

/////

"The rule emphasizes practical consequences and its application depends on the circumstances of each case." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 819 (9th Cir. 1985) (citations omitted). "The inquiry is a practical one and fact specific and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (internal citations omitted). "The moving party has the burden of persuasion in arguing for dismissal." *Id.* (citation omitted).

III.     DISCUSSION

As discussed below, the court finds Farmland is a necessary party, but not an indispensable one.

A.   Farmland is a Necessary Party

1.   The Court Can Furnish Complete Relief Without Farmland

The court could provide complete relief to the parties without Farmland's presence. Fed. R. Civ. P. 19(a)(1)(A). The question of whether complete relief is available is "concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). "This portion of the rule is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (internal quotation marks, citations omitted).

Here, Goose Pond alleges various theories arising from its deal with the Duarte defendants, for breach of its contract with the Duarte defendants and for misrepresentations made to it. It seeks to be made whole for diminution in the value of its investment in the Tehama property and for its costs in settling the *LaPant* action. Nothing suggests Goose Pond would receive incomplete relief on these claims in Farmland's absence.

Defendants argue Farmland has claims against them that are effectively the same, that the failures to disclose also damaged Farmland, who spent money "buying trees, working the property, and, ultimately, paying off the United States to satisfy the Consent Decree." Mot. at 9. Yet the possibility of Farmland's claims would not constitute the "multiple lawsuits on the same

5

cause of action," which Rule 19 is intended to avoid; while the transaction or occurrence is the same, Farmland's cause of action for its damages, if it chooses to bring it, is discrete from Goose Pond's. *Northrop Corp.*, 705 F.2d at 1043. By contrast, the avoidance of multiple lawsuits as applicable here is concerned with avoiding a piecemeal series of suits by an existing party, each providing only "partial or hollow" relief. *Id.* This scenario has arisen frequently where plaintiffs are unable to obtain declaratory and injunctive relief against absent parties and are thus unable to obtain full redress. *See, e.g., U.S. ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 907–08 (9th Cir. 1994). Because there appears to be no such risk to Goose Pond here, Farmland is not a necessary party under the "complete relief" test of Rule 19(a)(1)(A).

### 2.   Farmland's Interest Impaired by Judgment in Its Absence?

Under Federal Rule of Civil Procedure 19(a)(1)(B), an absent party may be necessary if it claims a legally protected interest in the subject matter of the action, and if resolution in its absence would impair its interest as a practical matter. *Dawavendewa v. Salt River Proj. Act. Imp. and Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002). "The interest must be more than a financial stake and more than speculation about a future event." *Makah Indian Tribe*, 910 F. 2d at 558 (citations omitted). As Goose Pond's lessee on the Tehama property, Farmland has a legally protected interest in the value of its leasehold, and thus, the subject matter of the action. If Goose Pond's allegations are true, Farmland's purpose in entering into the farm lease was to put the land to use as a walnut orchard, yet the property was largely unfit for that purpose, resulting in wasted expense and ultimately a sizeable civil penalty in the *LaPant* action. Insofar as Farmland's lease was predicated on being able to work the land as a walnut orchard, Duarte's alleged misrepresentations would have impaired its interest in the leasehold.

There is a risk of prejudice to an absent party's legal interest where the absent party could be collaterally estopped from relitigating the same issues. *Takeda*, 765 F.2d at 820–21. The court need not engage in detailed hypotheticals about collateral estoppel in future litigation to find the possibility of prejudice. *Id.* at 821 (citing *Aguilar v. Los Angeles Cty.*, 751 F.2d 1089, 1094 (9th Cir. 1985)). "[C]ollateral estoppel bars the relitigation of issues actually adjudicated in previous litigation." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019)

1   (citation omitted).  For issue preclusion to apply, four conditions must exist: "(1) the issue at

2   stake was identical in both proceedings; (2) the issue was actually litigated and decided in the

3   prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue

4   was necessary to decide the merits." *Oyeniran v. Holder*, 672 F. 3d 800, 806 (9th Cir. 2012).  A

5   party not present in a prior action can be collaterally estopped if it is in privity with a party in the

6   earlier action.  *United States v. Bhatia*, 545 F. 3d 757, 759 (9th Cir. 2008) (citing *United States v.*

7   *ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir. 1980)).

8            As lessor and lessee, Goose Pond and Farmland are in privity.  Furthermore, their

9   legal interests are, as defendants note, closely aligned, although the court can distinguish their

10  claims not arising from their joint liability for the consent decree.  Because any claims Farmland

11  might have against defendants would likely be predicated on the same misrepresentations Goose

12  Pond alleges, identical issues would be at play in a hypothetical Farmland suit.  As in *Takeda,*

13  765 F.2d at 821, the court need not precisely determine what issues in this suit could estop

14  Farmland in future litigation.  Because issues decided against Goose Pond could collaterally estop

15  Farmland in a future litigation, there is a possibility of prejudice from proceeding in Farmland's

16  absence.  *Id.*  Therefore, proceeding in Farmland's absence may as a practical matter impair or

17  impede its ability to protect its interests.

18                      3.  Does Judgment Without Farmland Risk Multiple or Inconsistent

19                          Obligations?

20            If collateral estoppel would not apply in a hypothetical future action, the

21  possibility could arise of leaving defendants "subject to a substantial risk of incurring double,

22  multiple, or otherwise inconsistent obligations because of [Farmland's] interest."  Fed. R. Civ. P.

23  19(a)(1)(B)(ii).  If the court's determination of identical issues in this case does not bind

24  Farmland, Farmland could conceivably obtain future relief inconsistent with the results here.

25                      4.  Farmland is a Necessary Party

26            For all the foregoing reasons, Farmland is a necessary party to the action. The

27  court now turns to whether the action must be dismissed.

28  /////

7

1          B.  It is Not Feasible to Join Farmland

2                  Joinder of a necessary party is not feasible when joinder would destroy subject

3    matter jurisdiction. Fed. R. Civ. P. 19(a)(1); *see also Peabody W. Coal Co.*, 400 F. 3d at 779.

4    The court lacks subject matter jurisdiction for state law claims where there is not complete

5    diversity of citizenship between the parties.  28 U.S.C. § 1332; *accord Owen Equipment &*

6    *Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978).

7                  Here, Farmland is, like the Duarte parties, a citizen of California.  *See* Goose Pond

8    and Farmland Answer ¶ 12; *LaPant* ECF No. 19.  Thus, joining Farmland would destroy diversity

9    and render the court without subject matter jurisdiction.  Joinder is not feasible.

10          C.  Farmland is Not Indispensable

11                  Rule 19(b) instructs the court to weigh four factors in determining whether

12   Farmland is indispensable: (1) prejudice from the status quo; (2) the extent to which any prejudice

13   could be lessened or avoided; (3) whether a judgment rendered in Farmland's absence would be

14   adequate; and (4) whether the plaintiff would have an adequate remedy if the action were

15   dismissed for nonjoinder.  *White v. Univ. of California*, 765 F.3d 1010, 1027–28 (9th Cir. 2014).

16   These factors are not exclusive; they are "relevant considerations drawn from the experience

17   revealed in the decided cases."  Fed. R. Civ. P. 19(b) advisory committee note (1966).  The

18   decision should "be made in the light of pragmatic considerations," *id.*, and "its application

19   depends on the circumstances of each case."  *Takeda*, 765 F.2d at 819 (citations omitted).

20                  Duarte argues that because liability for the *LaPant* consent judgment is at issue,

21   this case is a common-fund type case, where prejudice is "inevitable" without necessary parties.

22   Mot. at 11 (citing *Makah Indian Tribe*, 910 F.2d at 560).  But as discussed above, the *LaPant*

23   consent judgment affects only a portion of the case.  Goose Pond sues for damage to its interest in

24   the development of the property as well.  A recovery on that theory would not detract from

25   Farmland's ability to recover for its own separate damage to the value of its leasehold.

26   Furthermore, Goose Pond is correct that Duarte is not prejudiced by Farmland's absence because

27   Federal Rule of Civil Procedure 14(a) allows Duarte to implead Farmland in a claim for

28   /////

8

1  contribution or indemnity. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F. 2d 769,
2  777 (9th Cir. 1986).

3        The same ability to implead also lessens or avoids prejudice.  The Ninth Circuit
4  has joined other circuits in holding dismissal for failure to join an indispensable party is
5  inappropriate where impleader under Rule 14(a) is available. *E.E.O.C. v. Peabody W. Coal Co.*,
6  610 F.3d 1070, 1086–87 (9th Cir. 2010) (*Peabody III*).

7        Because Farmland and Goose Pond have distinct causes of action for different
8  damages, it is not clear how judgment for Goose Pond would be inadequate without Farmland.
9  While Duarte asserts "accommodating this litigation to proceed in this Court requires splitting
10  this dispute up," Mot. at 12, it is not accurate to say this is a single dispute.  While the transaction
11  or occurrence is the same, the resulting disputes are distinct.

12        While Farmland is plainly important to the case, it is not indispensable, and any of
13  the ill effects Rule 19 is intended to avoid are mitigated or minimized by the availability of
14  impleader under Rule 14.

15      IV.   <u>CONCLUSION</u>

16        For the foregoing reasons, Duarte's motion to dismiss for failure to join an
17  indispensable party is DENIED.  This order resolves ECF No. 18.

18        The court sets a further scheduling conference on December 17, 2020 at 2:30 P.M.
19  The court ORDERS the parties to file an updated Joint Status Report addressing the subjects
20  addressed in Eastern District Local Rule 240(a), within twenty-one (21) days of this order.

21        IT IS SO ORDERED.
22  DATED:  October 13, 2020.

24  CHIEF UNITED STATES DISTRICT JUDGE